# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ATHENA WASHINGTON                                                                                    PLAINTIFF

v.                                              5:14CV00337-JM-JJV

GLENDA WRIGHT, Administrator/Supervisor
of Kitchen, Dub Brassell Detention Center; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Athena Washington, an inmate confined at the W.C. "Dub" Brassell Adult Detention Center (Jail), filed this *pro se* action, alleging improper conditions of confinement at the Jail. By Order dated September 17, 2014, this Court granted Plaintiff's Application to Proceed Without Prepayment of Fees, and provided her the opportunity to submit an Amended Complaint, noting that her allegations were too vague to state a claim upon which relief may be granted (Doc. No. 5). The Court also cautioned that an Amended complaint would render her original Complaint without legal effect. (*Id*. at 4.)

Plaintiff has submitted an Amended Complaint in accordance with the Court's Order. (Doc. No. 7.) Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II. FACTS AND ANALYSIS

In her Amended Complaint, Plaintiff states the administrators of the Jail are not acting to eliminate health hazards. (Doc. No. 7 at 4.) She complains that an inmate who testified positive for tuberculosis was permitted to work in the kitchen for several days and inmates have found hair in their food because workers are not required to wear hair nets. (*Id.* at 4, 6.) She also complains about Defendant Wright's poor work ethic and the small portions of food given to inmates. (*Id.* at 6.) Finally, she states Defendant Tyler is "discriminative" and Defendant Bolin failed to hire an exterminator to spray for bugs and lizards. (*Id.* at 7.)

As noted in the September 17, 2014, Order, although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).[1] The "defendant's

---

[1] If Plaintiff is incarcerated at the Jail as a pretrial detainee, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of her conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994).

conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." *Wilson v. Seiter*, 501 U.S. 294, 298-9 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

In her Amended Complaint, Plaintiff's allegations are again vague and lacking in specifics, such as dates, persons involved, and harm suffered, and she does not appear to have been involved in many of the incidents about which she complains.  Her claims about conditions of confinement do not rise to the level of conduct which deprives her of the "minimal civilized measure of life's necessities." *Revels v. Vincenz,* 382 F.3d at 875 (other citations omitted).  And, she fails to allege a specific incident in which she was involved and harmed by one or all of the Defendants.

Therefore, the Court finds that Plaintiff's Amended Complaint should be dismissed, as failing to plead "facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.
2. This dismissal constitute a "strike" within the meaning of the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 6th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.